Deborah E. Fishman (SBN 197584)
Krista M. Carter (SBN 225229)
**DICKSTEIN SHAPIRO LLP**
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone:  (650) 690-9500
Facsimile:  (650) 690-9501
FishmanD@DicksteinShapiro.com
CarterK@DicksteinShapiro.com

Attorneys for Plaintiff,
AAT BIOQUEST, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AAT BIOQUEST, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TEXAS FLUORESCENCE LABORATORIES, INC., a Texas corporation,<br><br>　　　　　Defendant. | CASE NO.  5:14-cv-3909<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AAT Bioquest, Inc. ("AAT Bioquest"), by and through its undersigned counsel, files this Complaint against Defendant Texas Fluorescence Laboratories, Inc. ("TEFLabs"), and alleges as follows:

## THE PARTIES

1. Plaintiff AAT Bioquest is a Delaware corporation with its principal place of business at 520 Mercury Drive, Sunnyvale, CA 94085.  AAT Bioquest is a market and technology leader in developing, manufacturing and marketing bioanalytical research reagents and kits to scientists engaged in life sciences research, diagnostic R&D and drug discovery.  AAT Bioquest specializes in the area of photometric detections including absorption (color), fluorescence and luminescence technologies.  The Company's innovative products enable scientists and biomedical researchers to better understand biochemistry, immunology, cell biology and molecular biology.

2. Upon information and belief, TEFLabs is a Texas corporation with a principal place of business at 9415 Capitol View Drive, Austin, TX 78747.  On information and belief, TEFLabs markets and sells fluorescent ion indicators.

3. AAT Bioquest and TEFLabs are direct competitors in the business of making, marketing, and selling fluorescent ion indicators.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, more particularly 35 U.S.C. §§ 154, 271, 281, 283, 284, and 285.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

7. On information and belief, TEFLabs is subject to this Court's specific and general jurisdiction.  On information and belief, TEFLabs has transacted business in this judicial district, derived revenue from goods sold in this judicial district, and committed and/or induced acts of infringement in this judicial district.

8. On information and belief, TEFLabs has sold infringing products, including its Fluo-2 MA product, to customers, including customers within this judicial district.  In particular, on information and belief, TEFLabs has advertised (including through its website), offered to sell, sold

1  and/or distributed infringing products, and induced the use of infringing products in this judicial
2  district.

### PATENT

4  9. On July 15, 2014, the United States and Trademark Office ("USPTO") duly and
5  legally issued United States Patent No. 8,779,165 ("the '165 Patent"), entitled "Fluorescent Ion
6  Indicators and Their Applications." AAT Bioquest holds all rights, title, and interest in and to the
7  '165 Patent (a true and correct copy of which is attached hereto as Exhibit A).

8  10. On information and belief, TEFLabs makes, uses, licenses, offers for sale, and/or
9  imports within the United Sates, and specifically within this judicial district, fluorescent ion
10  indicators, including its Fluo-2 MA product, that infringes claim 1 of the '165 Patent.

11  11. TEFLabs has, at least as of January 18, 2011, had knowledge of the application (U.S.
12  Patent Application No. 12/040,753 ("the '753 Application")) leading to the issuance of the '165
13  Patent, as well as the fact that its sale of the Fluo-2 product would be, once the patent issued, an act
14  of infringement. TEFLabs's notice of AAT Bioquest's then-pending patent application was based
15  on, at least, a letter dated January 18, 2011 from AAT Bioquest which enclosed the publication of
16  the '753 Application, U.S. Patent Application Publication No. 20080255498 ("the '498
17  Publication"). A continuation application of the '753 Application published on September 22, 2011
18  as U.S. Patent Application Publication No. 20110229924 ("the '924 Publication"). The continuation
19  application issued on July 15, 2014 as the '165 Patent.

### COUNT 1 – PATENT INFRINGEMENT

21  12. AAT Bioquest realleges and incorporates by reference herein allegations contained in
22  Paragraphs 1 through 11.

23  13. TEFLabs has infringed and continues to directly and indirectly infringe by way of
24  inducing the infringement of the '165 Patent in this judicial district, and elsewhere within the United
25  States by, among other things, making, using, licensing, selling, offering for sale, and/or importing
26  fluorescent ion indicators, including its Fluo-2 MA product, covered by claim 1 of the '165 Patent,
27  to the injury of AAT Bioquest.

28  14. TEFLabs induces its customers to directly infringe claim 1 of the '165 Patent by, for

1  example, providing its products to customers and instructing its customers on how to use these
2  products, which are acts of infringement.  TEFLabs's offer for sale and sale of the infringing
3  products to its customers demonstrate TEFLabs's intent to induce its customers to use the infringing
4  product.

5      15.    TEFLabs's infringement of '165 Patent is without consent, authority of, or license
6  from AAT Bioquest.

7      16.    On information and belief, TEFLabs had knowledge of the published patent
8  application (the '498 Publication) ultimately resulting in the '165 Patent on or before January 18,
9  2011 and that its sale of the Fluo-2 product would be, once the patent issued, infringing the '165
10 Patent.  Claim 1 of the '165 patent is substantially identical to at least claim 26 in the '924
11 Publication and also substantially identical to at least claims 3 and 4 in the '498 Publication within
12 the meaning of 35 U.S.C. § 154(d), entitling AAT Bioquest to reasonable royalty from at least
13 January 18, 2011 and continuing through July 15, 2014.

14      17.    On information and belief, TEFLabs's has had notice of the '165 Patent and the
15 application leading to issuance of the '165 Patent and its infringement of the '165 Patent has been
16 and continues to be willful.  AAT Bioquest is, therefore, seeking trebled damages pursuant to 35
17 U.S.C. § 284.  This action is also "exceptional" within the meaning of 35 U.S.C. § 285, entitling
18 AAT Bioquest to its attorneys' fees and expenses.

19      18.    AAT Bioquest has been injured and continues to be injured by TEFLabs's
20 infringement of the '165 Patent.  AAT Bioquest is entitled to damages in an amount to be proven at
21 trial.  AAT Bioquest has suffered and will continue to suffer irreparable harm unless TEFLabs is
22 permanently enjoined from infringing the '165 Patent.

23              **PRAYER FOR RELIEF**

24      WHEREFORE, AAT Bioquest prays that the Court enter judgment in its favor and award the
25 following relief against Defendant TEFLabs:

26      A.    A judgment that TEFLabs has infringed, directly and indirectly by way of inducing
27 the infringement of AAT Bioquest's '165 Patent;

28      B.    A preliminary and permanent injunction, enjoining TEFLabs and its officers,

directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing or inducing the infringement of AAT Bioquest's '165 Patent;

     C.     Order an accounting be made to establish the amount of gains, profits, and advantages which TEFLabs has made, received, or may receive as a result of its acts of infringement;

     D.     Order and award AAT Bioquest a provisional rights reasonable royalty for TEFLabs's infringement of AAT Bioquest's '165 Patent from at least January 18, 2011 up to and including July 15, 2014;

     E.     Order and award AAT Bioquest its actual and trebled damages for TEFLabs's infringement of AAT Bioquest's '165 Patent, together with interest (both pre- and post-judgment), as fixed by this Court under 35 U.S.C. § 284;

     F.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285;

     G.     Award AAT Bioquest its costs, disbursements, and reasonable attorneys' fees incurred in connection with this action; and

     H.     Any such other and further relief in law or in equity to which AAT Bioquest may be justly entitled.

Respectfully Submitted,

Dated: August 28, 2014                  DICKSTEIN SHAPIRO LLP

By:  */s/ Krista M. Carter*
      Krista M. Carter

Attorney for Plaintiff
AAT BIOQUEST, INC.