UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAT BIOQUEST, INC., <br>           Plaintiff, <br>     v. <br> TEXAS FLUORESCENCE LABORATORIES, INC., <br>           Defendant. | Case No. 14-cv-03909-DMR <br><br> **FINAL PRETRIAL ORDER** |

The court held a pretrial conference with Plaintiff AAT Bioquest, Inc. ("AAT") and Defendant Texas Fluorescence Laboratories, Inc. ("TEFLABS") on September 4, 2015. The court hereby orders the following:

### I. TRIAL DATE AND TIME

The court shall conduct a one-day bench trial on September 9, 2015 commencing at 8:30 a.m. in Courtroom 5 of the United States District Court, 1301 Clay Street, Oakland, California 94612. AAT will have four hours in total to present its case. TEFLABS will have two hours.

### II. WITNESSES

**A.  AAT's Witnesses**

AAT will call Dr. Zhenjun Diwu, Dr. Akwasi Minta, and Mr. Rick Yeager. TEFLABS does not object to AAT calling any of these witnesses.

**B.  TEFLABS's Witnesses**

TEFLABS also intends to call Dr. Diwu, Dr. Minta, and Mr. Yeager. AAT does not object to TEFLABS calling any of these witnesses.

Mr. Yeager is also representing TEFLABS as counsel. If TEFLABS calls Mr. Yeager as a witness, Mr. Yeager may not testify in a narrative format and instead must ask himself a question

1  before responding.  AAT may object to Mr. Yeager's questions and answers pursuant to the
2  Federal Rules of Evidence.  Should Mr. Yeager lapse into narrative, the court will require Mr.
3  Yeager to be examined by his co-counsel.

### III.     MOTIONS IN LIMINE

#### A.     TEFLABS Late Oppositions to AAT's MILs

On August 5, 2015, AAT filed two motions in limine ["MILs," Docket Nos. 61, 62] and TEFLABS filed none.  TEFLABS's oppositions to AAT's motions in limine were due on August 14, but TEFLABS did not file its responses until August 20.  [Docket Nos. 68, 70.]

On the same day it filed late responses to the MILs, TEFLABS also filed a motion for leave to file late responses.  [Docket No. 71.]  The court construes this as a motion to enlarge time pursuant to Civil Local Rule 6-3 and Federal Rule of Civil Procedure 6(b).  In the motion, TEFLABS's counsel Rick Yeager contends that he had miscalendared the deadline for responses as August 26 instead of the proper date of "August 19."  The court notes that the actual deadline was **August 14**, not August 19.  However, when AAT filed its motions, the court's electronic case filing system automatically generated default deadlines for oppositions and replies to the motions.  The automatically-generated opposition and reply deadlines were August 19 and 26, respectively.  *See* Docket Nos. 61-62.

Federal Rule of Civil Procedure 6(b)(1) states that "[w]hen an act…must be done within a specified time, the court may, for good cause, extend the time … (B) on motion made after the time has expired if the party has failed to act because of excusable neglect."  Civil Local Rule 6-3(a) requires a party moving to extend a deadline to, inter alia, set forth with particularity the reasons for the requested enlargement, identify the substantial harm or prejudice that would occur if the court did not change the time, and describe the effect of the requested time modification on the schedule for the case.  The court may then grant, deny, or modify the requested time change.  Civil L.R. 6-3(d).

TEFLABS has failed to meet the requirements of Civil Local Rule 6-3(a).  It has not demonstrated good cause for extending time or that its failure to timely act was the result of excusable neglect.  TEFLABS's excuse (i.e., the calendaring mistake) is weak.  On July 15, 2015,

the parties submitted an updated case management conference statement in which they agreed to August 14, 2015 as the deadline for oppositions to motions in limine and other objections. [Docket No. 53.] At the case management conference on July 22, 2015, the court and the parties discussed pretrial deadlines and agreed upon August 14, 2015 as the deadline for oppositions to motions in limine and other objections. [Docket No. 54.] Later that same day, the court entered an amended case management and pretrial order setting forth August 14, 2015 as the deadline. [Docket No. 55.] Thus, no less than three times in the month preceding the deadline, TEFLABS had notice of the date. That TEFLABS believed that the opposition deadline was August 19 because of the automatically-generated default deadline is no excuse, for TEFLABS failed to file its oppositions even by this date, as its oppositions were filed on August 20.

Accordingly, the court **denies** TEFLABS's motion for leave to file late oppositions to AAT's MILs and **grants** AAT's unopposed motions in limine.

### B.     AAT's MIL No. 1

Even if TEFLABS had timely opposed the MILs, the court would have granted them on the merits.

In MIL No. 1, AAT moves to preclude TEFLABS from presenting any evidence of AAT's "unclean hands" at trial. TEFLABS argues that such evidence is relevant to the issues of reasonable royalty and willfulness.

The reasonable royalty calculation assumes that the asserted patent claims are valid and enforceable. *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). TEFLABS's arguments regarding the invalidity or unenforceability of the '165 Patent, including those based on "unclean hands" or inequitable conduct by AAT during the patent application process are therefore irrelevant to the damages calculation, and are excluded on that basis. TEFLABS also argues that in its calculation of a reasonable royalty, the court should consider alleged inequitable conduct by AAT that took place after the issuance of the patent. TEFLABs did not explain how such conduct is relevant to any of the *Georgia Pacific* factors, nor did it offer any authority to support its position. Therefore, post-patent "unclean hands" evidence is also precluded.

1  To the extent that TEFLABS argues that facts relating to AAT's allegedly unclean hands or inequitable conduct are relevant to the question of willfulness, TEFLABS confirmed at the pretrial conference that all of the relevant evidence is already in the record of the infringement proceeding, i.e., presented at summary judgment. It is therefore unnecessary and duplicative to present these facts again at the bench trial. *Accord Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. 2014-1492, – F.3d –, 2015 WL 4639309, at *15 (Fed. Cir. Aug. 4, 2015) (court may consider "arguments presented earlier in the litigation such as at the summary-judgment state" to determine whether defendant's defense was objectively reasonable).

In sum, TEFLABs is precluded from presenting "unclean hands" evidence at trial. It may, however, use such evidence that already exists in the record to argue that infringement was not willful because TEFLABs' defense on the basis of inequitable conduct was reasonable.

### C. AAT's MIL No. 2: Non-infringing Alternatives

In MIL No. 2, AAT moves to preclude TEFLABS's identification of allegedly non-infringing alternatives to Fluo-8. [Docket No. 62.]

The issue of whether acceptable non-infringing alternatives exist is potentially relevant to the lost profits inquiry as well as the reasonable royalty determination. *See Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003); *Laserdynamics, Inc. v. Quanta Computer, Inc.*, No. 06-cv-348 (CE), 2011 WL 197869, at *2-3 (E.D. Tex. Jan. 20, 2011) (citing *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)). Defendants may not present evidence at trial on previously-undisclosed non-infringing alternatives. *See, e.g., Accentra, Inc. v. Staples, Inc.*, No. CV-07- 5862 ABC (RZx), 2010 WL 8450890, at *7 (C.D. Cal. Sept. 22, 2010) (excluding newly disclosed witnesses and information regarding non-infringing alternatives); *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, No. 07-cv-497-TJW-CE, 2011 WL 3625036, at *10 (E.D. Tex. Aug. 17, 2011) (affirming earlier grant of motion in limine to exclude evidence of non-infringing alternatives not identified during fact discovery); *Synthes USA, LLC v. Spinal Kinetics, Inc.*, No. 09-cv-1201-RMW, 2011 WL 11709387, at *7-8 (N.D. Cal. Aug. 19, 2011) (excluding evidence of non-infringing alternative not disclosed in response to plaintiff's interrogatory on non-infringing alternatives); *Monsanto Co. v. Bayer*

4

*Bioscience N.V.*, No. 00-cv-1915-ERW, 2005 WL 5989796, at *14, 18-19 (E.D. Mo. Oct. 28, 2005) (excluding evidence of non-infringing alternative to the extent defendant withheld information regarding this alternative during discovery).

TEFLABS did not disclose any non-infringing alternatives until its pretrial submissions, even though TEFLABS had been served with a contention interrogatory that directly requested this information.

TEFLABS contends that it disclosed non-infringing alternatives in "numerous documents [filed] with its MSJ that establish there are many non-infringing alternatives to Fluo-8." Docket No. 68. But filing documents in connection with a motion for summary judgment does not amount to a disclosure of non-infringing alternatives relevant to the damages analysis during the discovery period, when AAT could have conducted additional discovery to test TEFLABS's assertions that non-infringing alternatives existed. In fact, during the determination of the motions for summary judgment, AAT objected to TEFLABS's introduction of its list of "fluo indicators" (on which the compounds TEFLABS now asserts are non-infringing alternatives appeared) as being "introduced for the first time" in TEFLABS's opposition to AAT's MSJ. Docket No. 39 at 6. This list was improperly introduced during the MSJ and it is improperly introduced now.

Because TEFLABS twice failed to disclose non-infringing alternatives during discovery when AAT had timely propounded a discovery request seeking exactly that information, TEFLABS cannot introduce evidence of allegedly non-infringing alternatives on the eve of trial.

## IV. EXHIBITS

The parties have stipulated to the authenticity of all documents produced during the litigation. Docket No. 63 at 3.

### A. AAT's Exhibits

AAT has submitted 74 exhibits numbered 1-74. TEFLABS has no objection.

### B. TEFLABS's Exhibits

TEFLABS has submitted 21 exhibits: there are eight tabs lettered A-H, but tabs E and F have sub-exhibits (Exhibits E1-E4 and F1-F11). AAT has no objections to Exhibits A and B, but objects to the remainder.

5

1   **Exhibit C** is an August 2013 license agreement between Vanderbilt University and
2   TEFLABS for TEFLABS's use of a thallium fluorescent indictor.  AAT objects to the introduction
3   of this exhibit because this license has never before been disclosed.  AAT had propounded a
4   discovery request during discovery to which Exhibit C would have been responsive.  TEFLABS
5   did not object to the request, and produced other responsive documents.  At the pretrial
6   conference, AAT established that if TEFLABS had produced Exhibit C in discovery, AAT would
7   have taken further discovery, or decided to present additional evidence at trial, including expert
8   testimony.  AAT would therefore be prejudiced if the court allowed TEFLABs to introduce this
9   late-produced document.  The court therefore **grants** the motion to exclude Exhibit C.

10   TEFLABS intends to introduce **Exhibits D** as evidence of non-infringing alternatives and
11   for no other purpose.  As noted above, the court grants AAT's motion to exclude TEFLABS's
12   late-disclosed evidence of non-infringing alternatives, and therefore **grants** the motion to exclude
13   Exhibits D.

14   **Exhibits E and F** are excerpts from the patent files of the '683 application (which was
15   granted and became the '165 Patent) and the '753 non-provisional patent application ('683 was a
16   continuation of '753).  TEFLABS contends that Exhibits E and F contain evidence of AAT's
17   allegedly unclean hands and are therefore relevant to two issues: reasonable royalty and willful
18   infringement.  In addition, TEFLABS asserts that Exhibits F7 and F8 are relevant to the issue of
19   non-infringing alternatives.  As discussed above, TEFLABS's theory of unclean hands is
20   irrelevant to reasonable royalty, so the use of Exhibits E and F for this purpose is **precluded**.
21   Furthermore, the use of Exhibits F7 and F8 as evidence of non-infringing alternatives is
22   **precluded**, because TEFLABS has not previously disclosed these documents for that purpose
23   despite having been asked during discovery to do so.  However, to the extent that TEFLABS
24   intends to rely on these exhibits to show willfulness, the motion in limine is **denied**—the entire
25   patent histories for the '683 and '753 applications are already in the record of the infringement
26   proceeding, and to the extent that Exhibits E and F provide specific excerpts of the voluminous
27   patent histories, they may allow a more streamlined presentation of TEFLABS's willfulness
28   argument.

   **Exhibit G** is an interview summary from the patent file for application 14/070,292 dated October 28, 2014 and **Exhibit H** is an excerpt from U.S. Patent No. 8,927,224, issued January 6, 2015 on which Diwu is named as inventor.  Because TEFLABS intends to introduce Exhibits G and H to support its argument that AAT's allegedly unclean hands should affect the reasonable royalty calculation, and the court has precluded that argument, Exhibits G and H are likewise **precluded**.  TEFLABS also intends to introduce Exhibit H in support of its willfulness argument, but agreed at the pretrial conference that a patent issued this year is irrelevant to the determination of willfulness.

   **IT IS SO ORDERED.**

Dated: September 4, 2015

_____
Donna M. Ryu
United States Magistrate Judge