UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAT BIOQUEST, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>TEXAS FLUORESCENCE LABORATORIES, INC.,<br><br>   Defendant. | Case No. 14-cv-03909-DMR<br><br>**ORDER RE DEFENDANT'S MOTION FOR RECONSIDERATION; PLAINTIFF'S MOTION TO STRIKE; AND DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 90, 92, 93 |

On November 30, 2015, the court issued Findings of Fact and Conclusions of Law following a bench trial in this patent case. [Docket No. 88.] On December 10, 2015, Defendant TEFLABS filed a motion for reconsideration with several attachments. [Docket No. 90.] Shortly thereafter, Plaintiff AAT moved to strike TEFLABS's motion because TEFLABS had failed to first seek leave of court as required by Civil Local Rule 7-9(a). [Docket No. 92.] TEFLABS quickly conceded its error, and filed a motion for leave to file a motion for reconsideration. [Docket No. 93.]

As TEFLABS admits, its initial filing was improper. The court therefore grants AAT's motion to strike Docket No. 90 in its entirety.

TEFLABS argues that the court should grant reconsideration to correct a "manifest error of fact." [Docket No. 93 at 1.] It urges the court to "re-examine the prior art Tsien Patent and its cited references with regard to affinity modification." *Id.* at 2. It recites at length from a declaration it submitted in January 2015 in support of its arguments in the parties' cross-motions for summary judgment. *Id.* at 5-6. In essence, TEFLABS now seeks yet another opportunity to rehash its invalidity argument based on the doctrine of anticipation.

Civil Local Rule 7-9(b) requires that a party demonstrate reasonable diligence in applying for reconsideration, plus at least one of three things, including "a manifest failure by the Court to consider material facts or dispositive legal arguments." Civil L.R. 7-9(b)(3). The court already considered the facts and legal arguments now reargued by TEFLABS. It ruled upon them nearly nine months ago in April 2015. *See* Order on Motions for Summary Judgment, Docket No. 46 at 13-18 (analyzing parties' arguments re anticipation). TEFLABS has not demonstrated diligence, nor has it provided a proper basis for reconsideration of its unsuccessful anticipation argument.

TEFLABS also argues that reconsideration would demonstrate that it had a reasonably objective belief that Claim 1 of AAT's patent-in-suit was anticipated and therefore invalid. This in turn would lead to reconsideration of the court's finding that TEFLABS willfully infringed AAT's patent. Not so. In finding that TEFLABS willfully infringed AAT's patent, the court held:

> In its defense against a finding of willfulness, TEFLABS takes a second bite at the proverbial apple by recapitulating the same attorney arguments about invalidity and unenforceability that it raised during summary judgment. This misses the point. In determining whether TEFLABS acted willfully, the court does not re-adjudicate the sufficiency of TEFLABS's defenses but instead considers whether those defenses were objectively reasonable. TEFLABS's failure to offer evidence or persuasive case law in support of its defenses [at summary judgment] rendered them meritless as presented.

Findings of Fact and Conclusions of Law, Docket No. 89 at 19-20. TEFLABS's current motion amounts to an equally pointless attempt at a "third bite" at the same arguments, based on the same evidence.

For the foregoing reasons, the court denies TEFLABS's motion for leave to file a motion for reconsideration. As a final matter, TEFLABS's motion includes two documents that have not previously been presented in this case. *See* Docket No. 93, Exs. 2 and 3 (U.S. Patent No. 4,603,209 (1986) and U.S. Patent No. 4,689,432 (1987)). These are not newly discovered documents, and there is no basis for admitting them into the record at this time.

**IT IS SO ORDERED.**

Dated: January 5, 2016

Donna M. Ryu
United States Magistrate Judge