UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAT BIOQUEST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS FLUORESCENCE LABORATORIES, INC.,<br><br>Defendant. | Case No. 14-cv-03909-DMR<br><br>**ORDER DENYING TEXAS FLUORESCENCE LABORATORIES, INC.'S MOTION FOR NEW TRIAL**<br><br>Re: Dkt. No. 98 |

## I. INTRODUCTION

This is a patent infringement action. In April 2015, the court determined on summary judgment that Defendant Texas Fluorescence Laboratories ("TEFLABS") had infringed United States Patent No. 8,779,165, to which Plaintiff AAT Bioquest ("AAT") holds all rights, title, and interest. [Docket No. 46 ("MSJ Order")]. In reaching this determination, the court rejected TEFLABS's arguments that the patent was invalid and/or unenforceable due to failure to meet the written description or enablement requirements, obviousness, anticipation, or inequitable conduct.

On November 30, 2015, the court issued Findings of Fact and Conclusions of Law following a bench trial. The court found that TEFLABS had willfully infringed the '165 patent, and also determined that AAT was entitled to enhanced damages. [Docket No. 89.] On January 5, 2016, the court denied TEFLABS's motion for leave to file a motion for reconsideration, and entered judgment. [Docket Nos. 95 and 96.] TEFLABS now moves for a new trial. [Docket No. 98.]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) provides that, after a bench trial, a court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Because a motion for new trial is a procedural issue

not unique to patent law, the law of the regional circuit applies. *See Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1550 (Fed. Cir. 1987).

"Rule 59 does not specify the grounds on which a motion for a new trial may be granted," and therefore courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1035 (9th Cir. 2003). The Ninth Circuit has held that the grounds on which a new trial may be granted include (1) a verdict that is contrary to the weight of the evidence; (2) a verdict that is based on false or perjurious evidence; or (3) to prevent a miscarriage of justice. *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007) (citation and quotation omitted). In undertaking this review, the court need not view the evidence from the perspective most favorable to the prevailing party. *See Landes Constr. Co., Inc. v. Royal Bank of Canada,* 833 F.2d 1365, 1371 (9th Cir. 1987). The burden of proving the need for a new trial lies with the party bringing the motion. *Anglo–Am. Gen. Agents v. Jackson Nat'l Life Ins. Co.,* 83 F.R.D. 41, 43 (N.D. Cal. 1979); *Lau v. Mercedes-Benz USA LLC*, No. C-11-01940 DMR, 2014 WL 1677552, at *2 (N.D. Cal. Apr. 28, 2014); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2803 (3d ed. 2012).

### III.     ANALYSIS

TEFLABS moves for a new trial on three grounds: (1) the judgment is based on false declarations; (2) the judgment is against the weight of the evidence; and (3) the judgment is based on the improper exclusion or failure to consider the commercial indicators identified in Exhibit C to the Yeager Declaration [Docket No. 98-2.] The court addresses each in turn.

TEFLABS first argues that the judgment is based on false declarations, namely, two declarations submitted at summary judgment by AAT's expert, Dr. Wayne Patton in January and February 2015. [Docket Nos. 35-4 and 39-1.] TEFLABS did not challenge Dr. Patton's declarations as "false" in its briefing on summary judgment, nor did it assert the falsity of the Patton declarations at trial in September 2015. Indeed, TEFLABS never even took Dr. Patton's deposition. Opp. at 3. Upon examination, it appears that TEFLABS's accusations of "falsity" are nothing more than a rehash of TEFLABS' invalidity arguments. As with its submissions at summary judgment, TEFLABS's briefing contains only attorney argument without proper

citations to evidence or case law. *See, e.g.,* MSJ Order at 8-9, 21, 26. Labeling the Patton declarations as "false" appears to be nothing more than a gambit by TEFLABS to justify a new trial by squeezing itself within the Rule 59 rubric of "a verdict that is based on false or perjurious evidence." TEFLABS's invalidity arguments were not meritorious at summary judgment, or at trial in its defense against a finding of willful infringement. They are no more persuasive at this point, and do not justify a new trial.

TEFLABS next argues that the court should grant a new trial because its "MSJ order regarding inequitable conduct was against the weight of the evidence." Mot. at 13. The court granted summary judgment in favor of AAT, ruling that TEFLABS had failed to present clear and convincing evidence supporting a finding of inequitable conduct. MSJ Order at 24-28. In so doing, the court noted TEFLABS's basic evidentiary failures. *Id.* at 26. TEFLABS did not move for reconsideration of the court's summary judgment order. TEFLABS has not established grounds to "reweigh" the record on inequitable conduct, especially since TEFLABS failed to properly present evidence on inequitable conduct in the first instance.

Finally, TEFLABS argues for a new trial based on the court's exclusion of evidence of what TEFLABS contends are other "commercially available BAPTA/fluorescein indicators available in 2006." Mot. at 21-23. TEFLABS unsuccessfully attempted to offer a list of these indicators as a trial exhibit. At the pretrial hearing, the court excluded the exhibit based on the fact that although TEFLABS had ample notice of the filing deadline, it failed to file a timely opposition to AAT's motions in limine, which included a motion seeking exclusion of the indicator list. [Docket No. 78 at 2-3]. The court further held that even if the exhibit were not precluded due to TEFLABS's failure to file a timely opposition brief, it would nevertheless be precluded because TEFLABS had been served with a contention interrogatory that directly requested the information on the indicator list, but failed to disclose the list in its response. [Docket 78 at 4-5.]

//

//

//

3

1  For the foregoing reasons, TEFLABS's has failed to meet its burden of proving the need
2 for a new trial.
3  **IT IS SO ORDERED.**
4 Dated: March 31, 2016

_____
Donna M. Ryu
United States Magistrate Judge