UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAT BIOQUEST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS FLUORESCENCE LABORATORIES, INC.,<br><br>Defendant. | Case No. 14-cv-03909-DMR<br><br>**ORDER DENYING TEFLABS'S MOTION FOR STAY OF EXECUTION OF JUDGMENT WITHOUT BOND**<br><br>Re: Dkt. No. 111 |

On November 30, 2015, the court issued Findings of Fact and Conclusions of Law following a bench trial on damages in this patent case. [Docket No. 89]. On January 5, 2016, the court entered judgment in the amount of $428,078.69 in favor of Plaintiff AAT Bioquest, Inc. ("AAT") and against Defendant Texas Fluorescence Laboratories, Inc. ("TEFLABS"). [Docket No. 96]. The court denied a motion for reconsideration, [Docket No. 101], and TEFLABS filed an appeal on April 28, 2016. [Docket No. 102].

TEFLABS now asks the court to stay execution of the judgment without a supersedeas bond pending appeal, as well as pending reexamination of the patent at issue in this case (the '165 patent). AAT opposes. This matter may be determined without oral argument. Civil L.R. 7-1(b).

**I.   LEGAL STANDARDS**

A party may obtain a stay of execution of a judgment pending appeal upon court approval of a supersedeas bond. Fed. R. Civ. P. 62(d). Courts examine the following factors to determine whether to waive the supersedeas bond requirements:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would

be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012), *citing Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988); *see also Kranson v. Federal Express Corp.*, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (noting that courts within Ninth Circuit regularly use *Dillon* factors in determining whether to waive the bond requirement).

## II.    ANALYSIS

The court first determines whether it should exercise its discretion to waive Rule 62(d)'s supersedeas bond requirement. As to the first *Dillon* factor, the collections process is likely to be complex, which counsels against waiving the bond requirement. AAT has retained a specialist to collect the judgment, and TEFLABS has retained bankruptcy counsel to file for Chapter 11 protection in the event that AAT attempts to execute its judgment.

With respect to the second factor, neither side discusses the amount of time to obtain judgment after affirmance on appeal. Given TEFLABS's admittedly precarious financial position discussed below, any further delay while the case works through the appeal process is likely to jeopardize AAT's ability to collect a judgment, especially without an appeal bond in place.

The third and fourth factors weigh heavily against granting a stay without a bond. The court has no confidence that TEFLABS will have funds available to satisfy the judgment. Dr. Akwasi Minta, TEFLABS's Chairman and Founder, has stated under oath that TEFLABS does not have sufficient assets to secure an appeal bond, that the company's current accounts payable exceeds its receivables, and that it intends to file for bankruptcy if AAT attempts to collect the judgment. Minta Dec. [Docket No. 111-3] at 2-3.

The fifth factor is moot. TEFLABS has gone on record that it cannot obtain a supersedeas bond due to its weak financial position. Therefore, the question of whether a bond would risk the position of other creditors is academic.

2

In sum, the court declines to stay execution of judgment pending appeal without the posting of a supersedeas bond.

The court now turns to TEFLABS's request that the court exercise its inherent authority to stay execution of the judgment pending reexamination of the '165 patent. Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a USPTO examination. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). Courts generally are called upon to exercise such authority at an earlier point in the litigation, prior to entry of judgment.[1] TEFLABS has not cited, and this court has not identified a single case in which a court has issued a post-judgment stay pending reexamination. At least one court has suggested that in such circumstances, the Rule 62(b) factors governing issuance of a stay pending disposition of a post-trial motion are instructive. *See, e.g., Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 2009 WL 2047635, at *2 (C.D. Cal. July 8, 2009). These factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*United States v. Moyer*, 2008 WL 3478063, at *6 (N.D. Cal. Aug. 12, 2008), *citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Applying these factors, the court finds that TEFLABS has not made a strong showing that it is likely to succeed in its reexamination bid. The arguments in TEFLABS's moving papers are brief and largely conclusory on this point. *See* Motion [Docket No. 111] at 4. TEFLABS did not

---

[1] In such instances, the court considers the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *See Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

file a reexamination petition until after this court entered final judgment against it, which smacks of delay rather than merit.

As to the second and fourth factors, any irreparable harm that TEFLABS may suffer by having to pay the judgment now rather than later is the result of its own behavior. This court found that TEFLABS willfully infringed AAT's '165 patent. In so holding, this court held that TEFLABS made unsupported attorney arguments on its invalidity defenses without citing to evidence, and made numerous sales of the infringing product after entry of a permanent injunction. *See* Findings of Fact and Conclusions of Law [Docket No. 89] at 17-22. Issuance of a stay would go against public interest for the same reasons.

Finally, it is clear that the issuance of a stay would substantially injure AAT's ability to ultimately collect on its judgment. As noted by AAT, the USPTO's published statistics indicate that as of September 2015, reexamination proceedings take an average of 21.63 to 50.33 months prior to any appeal. Opposition [Docket No. 112] at 1, n.1. A two to four year delay in the ability to commence collections proceedings could greatly diminish AAT's ability to collect its judgment, given Dr. Minta's admission that TEFBLABS's monthly payables outstrip its receivables at this time, and that it does not have sufficient assets to secure a bond.

TEFLABS has not established that it is entitled to a stay pending reexamination.

### III.  CONCLUSION

For the foregoing reasons, the court denies TEFLABS's requests for a stay of execution of judgment without a supersedeas bond pending appeal, or pending reexamination of the '165 patent.

**IT IS SO ORDERED.**

Dated: October 4, 2016



Donna M. Ryu
United States Magistrate Judge